0UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

JEFF CARLTON PARKER,                          Case No. 6:05-bk-09522-ABB
                                              Chapter 7
      Debtor.

_____/

JEFF CARLTON PARKER,

      Plaintiff,

vs.                                           Adv. Pro. No. 6:05-ap-00321-ABB

KEYBANK USA, N.A.
GREAT LAKES HIGHER EDUCATION
CORPORATION,

      Defendant(s).

_____/

## MEMORANDUM OPINION

      This matter came before the Court on the Amended Complaint and the Plaintiff's

Second Amended Motion for Default as to Defendant Great Lakes Higher Education

Corporation ("Motion")[1] filed by Jeff Carlton Parker, the Debtor and Plaintiff herein

("Debtor"), against Great Lakes Higher Education Corporation, the Defendant herein

("Great Lakes"). The Debtor seeks the discharge of loans pursuant to 11 U.S.C. §

523(a)(8). A status conference on the Amended Complaint was held on June 12, 2006 at

which the Debtor, the Debtor's counsel, and counsel for the Defendant, Key Bank U.S.A.

herein ("Key Bank") appeared, but counsel for Great Lakes did not appear. Great Lakes

has failed to file an answer, respond to pleadings, or to appear for any court proceeding.

The Debtor was instructed to file a Motion for Default against Great Lakes at the status

_____
[1] Doc. No. 34.

conference. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Debtor attended Delta Connection Academy (f/k/a Comair Academy) in Sanford, Florida from May 16, 2002 to May 15, 2003. He received loans in order to attend school from Key Bank and Great Lakes serviced the loans. The total principal amount of these loans was $122,188.32 as of the date of the Debtor's bankruptcy filing. This amount consisted of two loans, Loan No. 9936494951604 in the amount of $97,962.00 and Loan No. 9936494951605 in the amount of $24,226.32.

The Debtor filed the underlying Chapter 7 bankruptcy case on August 24, 2005, herein ("Petition Date"), and he filed Plaintiff's Complaint for Determination of Dischargeability of Student Loan ("Original Complaint")[2] against Key Bank and Great Lakes on November 28, 2005. The Debtor and Key Bank executed a Release and Settlement Agreement ("Settlement Agreement")[3] on April 24, 2006 agreeing the Debtor's loans would be discharged in his bankruptcy with respect to Key Bank. The Debtor received a discharge on December 16, 2005.[4]

The Court issued a Summons concerning Great Lakes, and the Debtor served a copy of the Summons and the Complaint on Great Lakes via First Class United States Mail return receipt requested on December 9, 2005. The Debtor received the return receipt on December 15, 2005 showing Great Lakes' receipt of the Summons and

---

[2] Doc. No. 1.
[3] Plaintiff's Exh. No. D.
[4] Main Case Doc. No. 7.

Complaint.[5] Great Lakes' responsive deadline was January 16, 2006, but Great Lakes did not answer. The Debtor filed his Amended Complaint on March 9, 2006 and served the Amended Complaint on Great Lakes. Great Lakes did not file a response to either the Original Complaint or the Amended Complaint. The Clerk entered a Default against Great Lakes on March 28, 2006.[6]

The Debtor served Great Lakes with Plaintiff's Request for Admission (To Defendant Great Lakes Higher Education Corporation) ("Request for Admission")[7] on April 3, 2006. The Request for Admission contains twelve statements which, if all are admitted, establish the loan does not meet each of the elements for nondischargeability pursuant to § 523(a)(8) of the Bankruptcy Code. The deadline to answer the Request for Admission was May 9, 2006 and Great Lakes failed to answer. Each item contained in the Request for Admissions is deemed admitted by Great Lakes. The Court entered an Amended Clerk's Entry of Default as to Defendant Great Lakes on May 28, 2006.[8]

The Debtor has conclusively established through Great Lakes' admissions: (i) the loans at issue were not made, insured, or guaranteed by any governmental unit; (ii) they were not made, insured, or guaranteed by any non-profit institution; (iii) the loans were not received as an educational benefit, scholarship, or stipend; and (v) the loans are dischargeable. The Debtor has established the loan is not subject to exception from discharge pursuant to § 523(a)(8) of the Bankruptcy Code. The indebtedness owed by the Debtor to Great Lakes is dischargeable.

## CONCLUSIONS OF LAW

[5] Plaintiff's Exh. No. C.
[6] Doc. No. 17.
[7] Plaintiff's Exh. No. 5.
[8] Doc. No. 28.

3

### *Federal Rule of Civil Procedure 36*

The Debtor properly served his Request for Admission on Great Lakes pursuant to Federal Rule of Civil Procedure 36, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7036. Federal Rule of Civil Procedure 36(a) provides:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36(a) (2005). Subsection (b) of Rule 36 provides: "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

The time period for responding to the Request for Admission was May 9, 2006, and Great Lakes did not respond. The matters contained within the Request for Admission are deemed admitted and conclusively established pursuant to Federal Rule of Civil Procedure 36(a).

### *11 U.S.C. § 523(a)(8)*

The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2005).

The Debtor contends the loans should be discharged because the dischargeability exception of 11 U.S.C. § 523(a)(8) is not applicable. The provision provides a discharge pursuant to § 727 does not discharge an individual from any debt:

> (i) for an education benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or
> (ii) an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependants.

11 U.S.C. § 523(a)(8) (2005).  The Debtor has established, through Great Lakes' admissions, the loans in issue do not satisfy the elements for non-dischargeability pursuant to § 523(a)(8).  The subject loans were not made, insured, or guaranteed by any governmental unit; they were not made, insured, or guaranteed by any non-profit institution; they were not received as an educational benefit, scholarship, or stipend; and the loans are dischargeable.  Request for Admission at ¶ 1-12.

The twelve statements contained in the Request for Admission, taken together, establish the Debtor's loans are not subject to exception to discharge pursuant to 11 U.S.C. § 523(a)(8).  The Debtor has conclusively established, pursuant to Federal Rule of Civil Procedure 36(b), the debt owed to Great Lakes by the Debtor is dischargeable.

A separate judgment in favor of the Debtor and against Great Lakes consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 30th day of October, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge